Norma S. HENNEMUTH, Appellant,

v.

G. F. WEATHERFORD, d/b/a Weatherford's Roofing Co., Appellee.

No. 3263.

Court of Civil Appeals of Texas.

Waco.

April 7, 1955.

Rehearing Denied April 28, 1955.

McKool & Bader, Dallas, for appellant.

Pat Reed, Dallas, for appellee.

McDONALD, Chief Justice.

This suit was brought by Plaintiff-Appellee Roofing Company against Defendant-Appellant houseowner for breach of a written contract wherein plaintiff was to apply asbestos shingles to the outside walls of defendant's house and do certain other work, and be paid therefor the sum of $550. Plaintiff's suit further alleged that it was to do certain additional and extra specified work and be paid therefor the sum of $40 based on cost of time and materials spent on such extra work. Plaintiff further prayed for reasonable attorney's fees and for foreclosure of a materialman's and mechanic's lien on the premises of Defendant.

Trial was to the court without a jury, who entered judgment for plaintiff for $500, plus $150 for attorney's fees, and foreclosure of the materialman's and mechanic's

lien on the premises, and directed that an order of sale issue to sell defendant's premises as under execution in satisfaction of the judgment.

Defendant appeals to this court, contending: (1) The Trial Court erred in rendering judgment for the plaintiff for $500 on the contract when the pleadings and the evidence showed a written contract price of $550 for the performance of the work. (2) The Trial Court erred in ordering foreclosure of the materialman's and mechanic's lien on the judgment for $500 since the written contract lien was in the sum of $550. (3) The Trial Court erred in foreclosing the materialman's and mechanic's lien in the sum of $150 allowed as attorney's fees. (4) The Trial Court erred in foreclosing the materialman's and mechanic's lien because. Defendant had not acknowledged the contract.

The Trial Court upon request filed *Findings of Fact* and *Conclusions of Law* as follows:

### Findings of Fact

(1) Plaintiff and defendant entered into a written contract wherein plaintiff was to do and perform certain work on defendant's house, and in consideration therefor was to be paid $550.

(2) Plaintiff substantially completed the work in question and reasonably complied with his obligations to defendant.

(3) Defendant has made no payment to plaintiff.

(4) The sum of $500 is a reasonable sum to compensate plaintiff for his work furnished Defendant.

(5) Plaintiff filed a Mechanic's Lien Affidavit in the Deed Records of Dallas County on 19 April 1952 and within 90 days after the work in question was performed and payment due.

(6 and 7) Plaintiff engaged an attorney and a reasonable attorney's fee is $150.

(8) Defendant has occupied the premises in question as her homestead since 1924.

### Conclusions of Law

(1) Plaintiff is entitled to judgment against defendant for $500, plus $150 as attorney's fees, with interest on $500 from 1 March 1952.

(2) Plaintiff is entitled to foreclosure of his materialman's and mechanic's lien.

Defendant's 1st contention is that the Trial Court erred in rendering judgment for the plaintiff for $500 on the contract when the pleadings and evidence show a written contract price of $550 for the performance of the specified work. Defendant urges that there is no support in the pleadings and no evidence whatever to sustain the Trial Court's judgment in the amount of $500; and that under the record made the Trial Court would have had to have rendered a judgment for plaintiff for $550 or nothing.

Plaintiff, of course, contends that it is entitled to have the court's judgment of $500 affirmed even though it brought suit for $550 under the contract, and that it is within the province of the court to award such a sum for the substantial performance of the building and construction contract.

The Trial Court found that the contract called for a consideration of $550, that the plaintiff substantially completed the work in question and reasonably complied with his obligation to defendant, and that plaintiff is entitled to judgment for $500 as reasonable compensation.

There is evidence in this record to sustain the findings of the Trial Court.

The Law in Texas concerning the right of a building contractor to recover for work done and performed under a building contract was stated by our Supreme Court in Graves v. Albert & Fuess, 104 Tex. 614, 142 S.W. 869, 39 L.R.A.,N.S., 591. The rule as set forth in that case is: In the case of Building and Construction Contracts, strict and literal performance is not essential to enable the contractor to recover on the *contract;* if he has *substan-*

*tially* performed, *he may recover the contract price less the reasonable cost of remedying trivial defects* and omissions so as to make the structure comply with the contract.

The foregoing case is precisely in point with the case at bar, and the rule set forth has been followed in the following cases: Linch v. Paris Lumber & Grain Co., Tex., 14 S.W. 701; Timmins v. Independent Lumber Co., Tex.Civ.App., 7 S.W.2d 130. 7 Tex.Jur., 577, states the rule thusly: "Substantial performance is regarded as full performance, insofar as the rule that performance is a condition precedent to the right to recover on the contract is concerned. A contractor who has in good faith substantially performed may sue under the contract. But it is not regarded as full performance so far as to entitle the contractor to recover the full contract price."

■ Defendant's 2nd contention is that the Trial Court erred in foreclosing the materialman's and mechanic's lien on the judgment for $500 when the written contract lien was for $550.

The record reflects that the original contract affidavit was filed for record in the Mechanic's and Materialman's Lien Records of Dallas County, and was based specifically on the written contract in question. Defendant maintains that since the recovery allowed was less than that claimed by plaintiff as being due under the contract as recited in the contract itself as consideration for performance of the contract work, that recovery was not under the contract and therefore no contractor's lien could be in esse or inure to plaintiff's benefit.

Defendant cites cases refusing to allow a contract lien because recovery was for a lesser amount than was sued upon. In all of those cases the contract price was for an amount considerably in excess of the amount recovered, and was only in quantum meruit for the work done. In those cases there was no performance or substantial performance of the contract work. The court was simply allowing the contractor to recover on an uncompleted contract for reasonable value of his services performed. Such is clearly not the instance in the case at bar. The Findings of the Trial Court clearly show that plaintiff substantially performed his contract so as to allow him to recover under the contract and not on quantum meruit. The cases heretofore cited sustain plaintiff's right to recover under the contract and not under quantum meruit. Having the right to recover under the contract, it follows that plaintiff likewise has his lien under the contract and is entitled to foreclosure of same to secure the amounts due him under the contract.

■ Defendant's 3rd contention is that the Trial Court erred in foreclosing the materialman's and mechanic's lien for the sum of $150 awarded as reasonable attorney's fees. We are in accord with this contention and hold that attorney's fees cannot be included in the foreclosure of a mechanic's lien. Some of the authorities so holding are: Anderson v. Hirsch, Tex. Civ.App., 112 S.W.2d 535 (er. ref.); Stricklin v. Southwest Reserve Life Ins. Co., Tex.Civ.App., 234 S.W.2d 439 (er. ref.).

■ Defendant's 4th contention is that the defendant had not acknowledged the mechanic's lien. The evidence showed that the premises in question was the homestead of the defendant; that she was a widow; and that she had only signed and had not acknowledged the mechanic's lien. Defendant is a widow and has no disabilities whatsoever. A single man does not have to acknowledge such an instrument. Certainly a single woman is of equal status with a single man. The statute requires the acknowledgment of a married woman, but says nothing about a widow. We hold that a widow falls in the same category as a single man or a single woman, and that it was not necessary for the validity of the mechanic's lien against defendant's homestead that she acknowledge it.

■ It follows from the foregoing that the judgment of the Trial Court is affirmed awarding plaintiff the sum of $650, together

274

with foreclosure of its Materialman's and Mechanic's lien to enforce the payment of $500 of such amount; that the judgment of the Trial Court is modified so as to deny foreclosure of the Materialman's and Mechanic's lien to enforce payment of the $150 attorney's fees. In accordance with Rule 448, Texas Rules of Civil Procedure, costs herein are adjudged one-half against each party.

Modified and affirmed.