Florestine M. JUDSON, Appellant,

v.

Clarence M. SCANLAN et al., Appellees.

No. 3792.

Court of Civil Appeals of Texas.

Waco.

Dec. 15, 1960.

Leonard Z. Finger, Houston, for appellant.

Herman D. Voorhees, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from an instructed verdict that plaintiff take nothing. Parties will be referred to as in the Trial Court. Plaintiff filed this suit on March 21, 1957 to set aside a: 1) Mechanic's and Materialman's Lien Contract, Note, and Deed of Trust on her home dated April 22, 1952; 2) Two Trustee's deeds executed pursuant to such deed of trust; and 3) a quitclaim deed executed by deed covering the property.

■ Plaintiff executed a Mechanic's and Materialman's Lien, Note for $1,860, and Deed of Trust on her home to secure the installation of plumbing fixtures by one R. G. Smith, in April, 1952. Smith assigned and transferred such to one Schneider who, in turn, assigned and transferred to defendant Scanlan. In September, 1956 such note being in default, defendant Scanlan caused the substitute Trustee to post the property for sale, and bought in the property from the substitute Trustee, and received the substitute Trustee's deed to same. Thereafter, in November, 1956, plaintiff Judson executed and delivered to defendant Scanlan a quitclaim to the property, which recited the fact that defendant Scanlan already had a Trustee's deed to the property, and that the consideration for the quitclaim deed is the cancellation of the balance due on the original indebtedness.

Plaintiff alleged that the plumbing work was not substantially performed; that the

property was a homestead and that the papers were not executed before a Notary; that the Trustee's deeds were executed by a substitute Trustee without resignation of the Trustee named in the instrument; and that the quitclaim deed was obtained by fraud.

Trial was to a jury. After plaintiff had rested, defendant moved for an instructed verdict, which was granted by the Trial Court, and judgment rendered for defendant that plaintiff take nothing.

Plaintiff appeals, contending that the Trial Court erred in directing a verdict for defendant because there was sufficient evidence to raise issues of fact as to the validity of the Mechanic's and Materialman's Lien Contract, Note and Deed of Trust, the 2 Trustee's deeds and the Quitclaim deed.

■ Plaintiff contends that the Mechanic's and Materialman's Contract was not executed by all before a Notary Public. The instrument is in evidence and reflects that it was executed before a Notary. Execution before a Notary, however, was not required, since plaintiff was a single woman. The fact that she did not acknowledge the mechanic's lien before a Notary does not affect the validity of the mechanic's lien against her homestead. Art. 5460, R.C.S.; Hennemuth v. Weatherford, Tex.Civ.App., 278 S.W.2d 271, W/E Ref., n. r. e.

The record reflects that the Trustee's deed was made by a substitute Trustee; that the Trustee named in the deed of trust had resigned; that such resignation was of record in the Mortgage Records of Harris County, Texas and that the appointment of the substitute Trustee was likewise of record in the Harris County Clerk's office. We perceive no error here.

The record further reflects that plaintiff was in default on her payments under the Mechanic's Lien Contract and that she has not tendered either the necessary payments to bring the note up to date, nor has she tendered the plumbing fixtures received as

consideration for the Mechanic's Lien Contract and Note.

■ The Mechanic's Lien Contract, Notes, and Deed of Trust were executed on April 22, 1952. This suit was instituted on March 21, 1957. The four year statute of limitations (Art. 5529) precludes plaintiff relief as to cancellation of these instruments.

There is no evidence that the quitclaim deed was obtained by fraud.

From the foregoing, it is our view that the instructed verdict of the Trial Court that plaintiff take nothing is correct.

The judgment appealed from is affirmed.