COOPER CONCRETE COMPANY,
Appellant,

v.

Harold HENDRICKS et al., Appellees.

No. 16425.

Court of Civil Appeals of Texas.

Dallas.

Jan. 8, 1965.

Rehearing Denied Feb. 5, 1965.

L. P. Snell, Jr., Dallas, for appellant.

Clifford S. Dillard and David C. McCord, Dallas, for appellees.

BATEMAN, Justice.

Our former opinion is withdrawn and the following substituted therefor.

Harold Hendricks sued Cooper Concrete Company, a corporation, for damages for breach of contract. He alleged an oral contract between himself and appellant whereby the latter agreed to construct for him a storm and bomb shelter, which appellant warranted would be properly constructed and suitable for its intended use; that the warranty was breached in that, due to faulty construction of the shelter, rain water ran or seeped into it, making it entirely useless and worthless. Hendricks alleged his damages to be the entire price he paid for the shelter, $2,517.42, plus the value of certain articles of personal property damaged by the water in the shelter, plus the cost of removing the shelter from his premises.

Appellant answered by numerous special exceptions, a general denial and a special plea that accumulation of water, if any, in the shelter did not occur through defective construction, but from some other independent cause. It also impleaded W. V. Spence, trading as Ace Waterproofing & Caulking Co., alleging that it had employed Spence to apply waterproofing to the shelter, which Spence guaranteed would keep the shelter waterproof for two years.

Appellant prayed for judgment against Spence in the amount of any judgment recovered by Hendricks against appellant.

The jury found in response to special issues that: (1) appellant failed to construct the shelter in a manner suitable for the purposes for which it was being constructed; (2) the shelter was constructed in such manner that water seeped or leaked into it; (3) which seepage or leakage was caused by the unworkmanlike manner in which appellant did the work or had it done; (4) the reasonable market value of the shelter in its present condition was $2,317.42; but (5) if it had been constructed according to contract its value would have been $2,517.42; (6) (7) no damage was caused to the personal property; (8) it would cost $264 to fill the place occupied by the shelter; (9) $200 would reasonably compensate Hendricks for appellant's having performed the contract in an unsuitable manner; (10) Spence warranted his waterproofing solution, but (11) (12) (13) (14) did not breach such warranty; (15) the water seepage was caused by faulty concrete work of appellant, but (16) the defect in construction could be repaired without impairing the structural efficiency of the shelter.

■ We think that under this verdict judgment should have been for Hendricks against appellant for $200 and that appellant take nothing against Spence. However, the court sustained Hendricks' motion to disregard the findings in answer to Special Issues 4, 5, 9 and 16 and rendered judgment for him against appellant for $2,767.42, and denying appellant's action over against Spence. The court properly disregarded the findings made in response to Special Issues 4 and 5, as there was no evidence to support them, but this is not true as to Special Issues 9 and 16.

■ Although, as established by undisputed evidence and numerous photographs, a substantial quantity of water seeped or leaked into the shelter shortly after it was built, and Hendricks testified that the shel-

ter was worthless to him, Randall Cooper, appellant's president and general manager, testified that it would cost from $150 to $250 to make the shelter suitable. Appellant also offered the testimony of Trig Bell and Wendell Halpin, both of whom were employed by appellant in a supervisory capacity and were familiar with the shelter in question. They both testified that they believed the defect creating the problem could be corrected by waterproofing the shelter. Bell said it cost between $180 and $200 to have this shelter waterproofed and that he had had other shelters of about the same size waterproofed for around $200. This testimony must be accepted as evidence of some probative force in support of these findings. Rule 301, Vernon's Texas Rules of Civil Procedure, authorizes such findings to be disregarded only when they have no support in the evidence.

■ The general rule in such cases is that "the correct measure of damages resulting from the breach of a building contract is ordinarily the reasonable cost of remedying the defects which constitute a breach of the contract, provided such contract has been 'substantially performed' and the defects in its performance can be remedied without impairing the building as a whole; but if such defects cannot be remedied without impairing the structural efficiency of the building, the measure of the damages is the difference between the value of the building as constructed and its value had it been constructed according to plans and specifications." Tucker v. Northcutt, Tex.Civ.App., 248 S.W.2d 750, 751. See also Atkinson v. Jackson Bros., Tex.Com. App., 270 S.W. 848, 38 A.L.R. 1377; Totten v. Houghton, Tex.Civ.App., 2 S.W.2d 530, 534, no wr. hist.; McBurnett v. Smith & McCallin, Tex.Civ.App., 286 S.W. 599, 601, no wr. hist.; Loggins v. Gates, Tex.Civ. App., 301 S.W.2d 525, 527, wr. ref. n. r. e.; 13 Am.Jur.2d, Building, etc. Contracts, p. 82, § 80. Under this rule, the findings in response to Special Issues 9 and 16 determined the correct measure of damages. Being supported by evidence, they

could not properly be disregarded. Appellant's first, second and fourth points, asserting error in disregarding the findings made in response to Special Issues 9 and 16, and in rendering judgment for more than $200, are sustained.

By its third and fifth points of error appellant asserts that Special Issue 8, inquiring as to the cost of filling the shelter so that it would be as it was prior to its construction, should not have been submitted, and that it was error for the court to refuse to disregard the answer of $264, because the special issue did not contain the correct measure of damages. At the time the charge was submitted the court could not know what the correct measure of damages was; it depended on whether the jury found, in response to Special Issue 16, that the defect in construction could be repaired without impairing the structural efficiency of the shelter. If the answer to Issue 16 had been in the negative, Issue 8 would possibly have become material as determining a part of the correct measure of damages. Therefore, we cannot say that it was erroneously submitted, and the third point is overruled.

However, in view of the affirmative answer to Special Issue 16, we think Issue 8 *became* immaterial and the jury's answer thereto should not have formed the basis of any part of the judgment rendered. We cannot tell from the record whether it did or not, but in any event the court erred in overruling appellant's motion to disregard it. The fifth point is sustained.

Appellant's points of error 6 through 16 complain of error in overruling eleven of appellant's special exceptions to the plaintiff's petition. We find no error in any of the rulings complained of, certainly none which could be said to have caused the rendition of an improper judgment. Rule 434, T.R.C.P. These points are therefore overruled.

By its points of error 17 through 20, appellant says the court erred in rendering judgment against it for $2,767.42 because there was no evidence, or the evidence was insufficient, to support the jury's answers to Special Issues 1, 2, 3 and 15. We have carefully reviewed the entire record and conclude that, while the evidence of the exact cause of the entry of water into the shelter is not strong, the appellant's president and general manager did testify that it could not be used as a shelter in its then condition and that it would cost $150 to $250 to make it suitable. This, coupled with Hendricks' testimony and the photographs showing the water standing several inches deep in the shelter, in our opinion was sufficient evidence to warrant submission of the issues in question and to support a judgment against appellant for the reasonable cost of repairs, as found by the jury. The points, as stated, are overruled.

The judgment is reversed and remanded to the court below with instructions to enter judgment on the verdict in favor of Harold Hendricks against Cooper Concrete Company in the sum of $200, with interest from December 6, 1963 at the rate of six per cent per annum, and that Cooper Concrete Company take nothing by its cross action against W. V. Spence, trading as Ace Waterproofing & Caulking Company, without prejudice to the right of any party to file a motion for new trial, and for such other proceedings as may be proper and lawful. The costs of the trial court are taxed against appellant, and all costs incident to the appeal are taxed against the appellee, Harold Hendricks.

Reversed and remanded.