**GRAHAM CONSTRUCTION COMPANY
et al., Appellants,**

**v.**

**WALKER PROCESS EQUIPMENT, INC.,
Appellee.**

**No. 278.**

Court of Civil Appeals of Texas.

Corpus Christi.

Aug. 31, 1967.

specialized equipment. The proposal in question was from Robert H. Pyle which consisted of four parts, the last two parts of his proposal being alternate bids on the same item. Pyle, an engineer and salesman, acted as agent for Walker in submitting the first three items and as agent for Robert H. Pyle, Inc. on the fourth. Graham accepted the proposals being items 1, 2 and 4. Item 1 was the sewage treatment equipment; item 2 the chlorine contract aeration equipment; and item 4 the blower equipment. A companion suit representing a judgment on item 4 involves much of the same facts, but is a separate suit. The opinion, handed down this day by this Court, in that suit is entitled Graham Construction Company et al. v. Robert H. Pyle, Inc., Tex.Civ.App., 422 S.W.2d 485.

The City of Gonzales awarded the contract to build the sewer treatment plant to Graham, whereupon Graham issued its purchase order to subcontractors Walker for items 1 and 2 and to Robert H. Pyle, Inc. on item 4. Although the contract between Graham and the City provided for a liquidated penalty of $50.00 per day for delay in completion of the plant, it was undisputed that such clause was not invoked by the City against Graham. Upon completion of the contract, the City paid Graham the full amount of its contract obligation ($244,462.30). Graham, on the other hand, did not pay either Walker or Pyle, Inc., any amount; whereupon notices were sent to Graham and the Surety Company and Walker and Pyle filed separate suits against Graham for the moneys due them under their contracts. Answering these suits, Graham contends that the equipment did not comply with the engineering specifications; that Graham was required to alter, rework, modify and repair the equipment to his damage; and that because of the delay in the delivery of the equipment he was required at additional expense to maintain his personnel on the jobsite while awaiting delivery of such equipment. Plaintiff Walker in answer to defendant's plea of an offset contended that Graham

Dayton G. Wiley, of Wiley & Thornton, San Antonio, for appellants.

Denver E. Perkins, Gonzales, for appellee.

## OPINION

NYE, Justice.

This is a suit for debt allegedly due on a written contract, brought by appellee Walker Process Equipment, Inc. against Graham Construction Company, the general contractor and National Surety Company. Graham was the prime contractor employed by the City of Gonzales to build a sewer disposal plant. Graham furnished the City a payment and performance bond with National Surety Corporation as surety. The case was tried before the court without a jury which ended in a judgment for appellee Walker against Graham and Surety Company.

Prior to entering into the contract with the City, Graham solicited bids from various subcontractors for certain technical and

waived any defects in the equipment, and waived any damages caused by any delay, by his acceptance of the equipment and by Graham's failure to comply with the terms of the contract relative to modification and adjustment of the equipment without authority of the plaintiff. The trial court filed numerous findings of fact supporting its judgment against defendants. The defendants have perfected their appeal.

Appellant's first point complains that the trial court erred in holding that substantial compliance of appellee's contract obligations entitled appellee to recover the full contract price (2) that the trial court failed to make a requested finding on the damages to Graham by Walker's failure to strictly perform and (7) that the trial court erred in placing the burden of proof on Graham to show its offsets.

A witness for the plaintiff testified without objection that it had made a proposal to Graham which had been accepted by Graham; that such contract was in writing in the form of a proposal, a written purchase order and a signed contract. All of these exhibits were admitted into evidence. Plaintiff's witness further testified without objection that it had "fully performed its part of the agreement" * * and that "it furnished all of the equipment and materials and everything it was supposed to furnish to Mr. Graham under its contract"; that the amount due under the contract for items 1 and 2 were $62,-552.00 and $288.00 respectively and that Graham did not pay any portions of the indebtedness contracted and due under the contract to Walker; that Walker had made demand of Graham without any payment, necessitating the employment of an attorney to collect the debt.

Irrespective of such testimony it was shown in the record without dispute that there were some deviations from the exact contract terms which were remedied by appellant before the job was turned over to the City and accepted by them. The trial court found that appellee had substantially performed its obligation under the contract, both in respect to the material and equipment sold and delivered and to the deliveries being timely made.

The rule for determining compensation for damages in the case of substantial performance of a building contract rather than a full and complete performance is that the supplier is entitled to the full contract price less the reasonable cost of remedying the defects or omissions in such a way as to make the work perform to the contract terms. This deduction measures the damages allowed the contractor for the failure on the part of the supplier to fully comply with the specifications. Atkinson v. Jackson Bros., Tex.Com.App., 270 S.W. 848, 38 A.L.R. 1377 (Tex.Com.App. 1925); Garland Grain Co. v. Bailey, 393 S.W.2d 945 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.); Treiber v. Schaefer, 416 S.W.2d 576 (Tex.Civ.App.—San Antonio 1967); Cooper Concrete Company v. Hendricks, 386 S.W.2d 221 (Tex.Civ.App. —Dallas 1965, no writ); Holt v. Purviance, 347 S.W.2d 321 (Tex.Civ.App.—Dallas 1961, writ ref'd n. r. e.); Hennemuth v. Weatherford's Roofing Co., 278 S.W.2d 271 (Tex.Civ.App.—Waco 1955, writ ref'd n. r. e.); 10 Tex.Jur.2d, Building Contracts, §§ 21, 39 (1959). It is further generally true that the burden is on the supplier to furnish the evidence to properly measure the deductions allowable to remedy the defects and omissions where there has been a substantial compliance of the contract. The trial court found that appellant suffered no damages because of any failure of Walker to fully comply with the contract. Even though there was no attempt on the part of the supplier Walker to prove the measure of damages necessary to remedy the defects and omissions such error is harmless and does not require a reversal of the judgment because of appellant's waiver of the defects and omissions and because of the written contract which provided for a set procedure to be performed prior to making claim for defects or omissions under the contract. We discuss this later in the opinion.

Appellant's sixth point complains that the trial court erred in rendering judgment on the contract because the plaintiff failed to timely perform its contract obligations. There was considerable testimony concerning the completion of the equipment in time to be delivered to Graham so that there would be no delay on the project which might cause $50.00 a day liquidated damages to Graham on account of his contract with the City. It is appellant's contention that time was of the essence under this contract and although the contract allowed eighteen to twenty weeks for the goods to be shipped from the date they were ordered, they were in fact late, therefore, appellant contends that plaintiff breached his contract and is relegated to a recovery on the actual value of the benefit conferred upon the defendant under the doctrine of quantum meruit. The rule denying recovery under a contract and permitting recovery based on quantum meruit does not apply where there has been substantial or full performance of the contract. 10 Tex.Jur.2d, Building Contracts, § 44–45, pp. 46–50. See Atkinson v. Jackson Bros., supra.

The trial court found that "it was not necessary for Graham to attempt to rework, modify or repair in any substantial manner any equipment and material delivered to him by Walker the same was in substantial compliance with engineer's specifications; the delivery of same was substantially in keeping with the schedule promised and agreed to by Walker and such delivery was timely made; and, if anything ordered by Graham from Walker was delivered late, Graham was not hampered and delayed in

the performance of his overall contract and Graham was not damaged by any failure to comply; and Graham did not incur extra expense by having to maintain his forces on the job while awaiting delivery thereof." These points one, two, six and seven are overruled.

Appellant's third, fourth and fifth points contend that (3) the trial court erred holding that the defendant was barred by contract from asserting any offset by reason or delay or defects; that (4) the contract between Walker and Graham contained the terms of the printed form dated July 23, 1964; and that (5) the trial court erred in not finding what specifically was the contract. The original proposal dated July 23, 1964 contained five detailed sheets of paper describing the equipment and proposal made by Walker to Graham. After the contract had been awarded by the City, Graham notified Walker that Graham had accepted this proposal by sending Walker a signed purchase order. As a part of the original proposal a printed form was attached to the proposal setting forth certain terms, guarantees and backcharges. This form was duly signed by Walker's agent and dated July 23, 1964, the same date as the proposal. The proposal required acceptance within thirty days. This was timely done by Graham through the purchase order. However, on August 31, an identical copy of the printed form sheet setting forth the terms, guarantees and backcharges was signed by Graham. (The pertinent portions of the printed form, including signatures, appear below).[1] It is appellants' contention that since this portion

1. "WALKER PROCESS EQUIPMENT INC.
Aurora, Illinois

TERMS:

Total selling price $62,840.00 exclusive sales tax, f.o.b. shipping point via truck to jobsite.

90% Net thirty (30) days from date of shipment.

10% after acceptance by owner

&ast; &ast; &ast; &ast; &ast;

The Seller shall not be responsible for delays caused by fires, strikes, accidents or other circumstances beyond the control of the Seller, and shall in no case be held liable for any special indirect or consequential damages whatsoever. Acceptance of the machinery or parts covered by this contract from the carrier shall constitute a release or waiver of any responsibility on the part of the Seller for any damage in transit or loss on account of delay in delivery, and receipt by the

of the printed form contract was not accepted (actually signed) within the thirty days specified in the proposal and not executed until after the thirty-day period had expired Graham is not bound by this portion of the agreement. This contention is without merit. A binding agreement may be collected from various writings between the parties so long as such different writings do not conflict in respect to the terms, parties and the like. 17 C.J.S. Contracts § 58, p. 727. The trial court found that there was consideration supporting the execution of this printed document and that it was a part of the entire agreement. It is apparent from the original proposal as well as from the printed form that the parties intended that this would form a part of the entire contract. The same was properly introduced into evidence. Although the contract became binding on August 11 there was nothing that would prevent the parties from elaborating further on the terms and conditions of their agreement by reducing the same to a printed form contract at a later date duly executed by both parties.

As part of the extensive findings of fact the trial court found relative to this printed form contract that was signed by Walker

Buyer shall constitute acceptance of delivery.

\* \* \* \* \*

There are no warranties expressed or implied except such express warranties, if any, as are definitely set forth herein. No obligation other than those herein set forth shall be binding upon the Seller. All previous agreements, either oral or written, referring to the machinery which is the subject matter hereof, are hereby cancelled. The provisions in the specifications attached hereto are descriptive and not intended as warranties.

\* \* \* \* \*

\* \* \* Any part or parts of machinery manufactured by Seller, proving defective on account of material or workmanship, within a period of one year from date of acceptance, will be furnished free, on receipt of satisfactory proof of such defect or defects. Seller will assume no responsibility or expense for repairs made on this apparatus, or on any machinery or material furnished by it when done outside of its factory, without its written authority. Seller shall have the option of requiring the return of the defective material, transportation prepaid, to establish a claim.

BACKCHARGES

Walker Process Equipment Inc. will not accept any charge for modification, servicing, adjustment or for any other item without written authority in the form of a purchase order issued from the home office at Aurora, Illinois in advance of doing the work. This authority will only be given when satisfactory proof is submitted and the authority will only then be issued providing the price is agreed upon and the authority is given as outlined above.

ANY BACKCHARGE SUBMITTED CONTRARY TO THIS AGREEMENT WILL BE REJECTED IN TOTAL WITHOUT CONSIDERATION

The Buyer represents that the name installation and erection of said machinery is of its bonding company covering the

Graham Const Co
_____
Name

728 Cameron Tex
_____
Address
___ — _

ACCEPTED this Aug day of 31, 1964
_____

By: /s/ Johnny Graham
_____
Buyer

PROPOSAL

SUBMITTED this 23rd day of July, 1964

By: /s/Robert H. Pyle
_____
For WALKER PROCESS EQUIPMENT INC.

ORDER ACCEPTANCE

APPROVED at Aurora, Illinois,
This _____ day of
_____, 196___.

WALKER PROCESS EQUIPMENT INC.
By: /s/ A. M. Nelson
_____
Seller

and Graham, that the contract provided that:

" 'The Seller guarantees the material of its manufacture to be first-class, made in a workmanlike manner, and free from inherent defects in material and workmanship, and that when properly operated and used, is suitable for the purposes represented by it. Any part or parts of machinery manufactured by Seller, proving defective on account of material or workmanship, within a period of one year from date of acceptance, will be furnished free, on receipt of satisfactory proof of such defect or defects. Seller will assume no responsibility or expense for repairs made on this apparatus, or on any machinery or material furnished by it when done outside of its factory, without its written authority. Seller shall have the option of requiring the return of the defective material, transportation prepaid, to establish a claim.' "

The court further found:

"No satisfactory proof of any defect or defects was made by Graham to Walker; the repairs, if any, made by Graham were made outside of Walker's factory and without Walker's written authority or written authority from anyone connected with Walker; and Walker was not accorded the opportunity to exercise its option of requiring the return of any allegedly defective material to establish a claim.

"Further, no written authority in the form of a purchase order or in any other form was issued from Walker from its home office in advance of doing any work on any modification, servicing or adjustment of any item of equipment, there was no proof submitted as provided in the contract; no authority was issued for such modification, servicing or adjustment; no price was agreed upon; and no authority given as required in the contract for back charges for modifica-

tion servicing and adjustment of any of the equipment."

If the delay in the receipt of the equipment was material, the appellant knew of it before he accepted the equipment. The contract between the parties, provided that upon Graham's acceptance of the equipment this would constitute a release or waiver for any damage caused by delay in delivery.

Concerning any alleged defects in the equipment, Graham did not comply with the terms of the contract prior to his voluntary reworking of them. The repairs were made by Graham outside of Walker's factory and without Walker's written authority. Walker was not given an opportunity to exercise its right and option of requiring the return of the defective material to their factory for repairs. The contract provision called for certain procedures [1] to be followed in case of defects in the materials. No attempt whatsoever was made by Graham to comply with these procedures. Not even a telephone call from Gonzales to Walker's agent in Austin was made by Graham or his employees. Where the parties were competent to contract, and it appears that they have dealt with each other voluntarily and at arms length, and where there is no evidence of fraud or overreaching by the parties, the courts will not reconstruct a contract where it speaks for itself. Universal C.I.T. Credit Corp. v. Daniel, 243 S.W. 2d 154 (Tex.Sup.1951). The provisions of the contract are clear and unambiguous, therefore, there is nothing for the court to construe. Appellants' points are overruled.

Appellants' eighth point is that the trial court erred in holding that the May 5, 1965 notice given by Walker to National Surety Corporation covered material delivered before January 1, 1965. The trial court found that the details and anchorage were shipped on October 21, 1964; that the entire balance of the contract was

1. See note 1 on pages 481 and 482.

shipped in January of 1965. It is undisputed that Walker's notice under Article 5160 was given on May 5, 1965. The notice requirement under Article 5160 requires that "claimant shall * * * within ninety days (90) days after the 10th day of the month next following each month in which the labor was done * * *, or material was delivered * * * (give) * * * written notice(s) * * *." (parenthesis supplied) Generally, bills are prepared around the first of the month next following the one in which labor was done and are due on the tenth day of that month. Accordingly, the Legislature gave a claimant ninety days from the usual due date in which to prove his claim. On all of the equipment and material delivered in January of 1965 the same would be covered by the May 5, 1965 notice. The time began to run from February 10, 1965 and May 5 is well within the ninety days from that day. However, on the other hand, material delivered in December would start the time running on January 10, 1965 and accordingly the time for giving notice to cover material delivered in December would be April 8, 1965; therefore, the May 5 notice as to material delivered prior to January 1, 1965 was tardy. It has been held by our courts that a verified itemized statement of materials furnished should be filed within ninety days after such material has been delivered even though such materials are delivered in installments. Therefore, under the statute the surety should not be held liable except for the material delivered within the ninety days before the filing of the itemized account. See National Surety Co. v. United Brick & Tile Co., 71 S.W. 2d 937 (Tex.Civ.App.—Amarillo, 1934); Aetna Casualty & Surety Co. v. Hawn Lumber Co., 128 Tex. 296, 97 S.W.2d 460 (1936).

■ A re-examination of the entire record shows that the "details" which were shop drawings did not have any monetary value. The "anchorage" consisting of bolts weighing approximately 300 pounds were valued at $1.00 a pound. These were the only items furnished prior to January 1, 1965. The trial court in its judgment ordered, adjudged and decreed that plaintiff Walker do have and recover from defendant Gillis Graham d/b/a Graham Construction Company and National Surety Corporation, jointly and severally, the sum of $62,800.00 together with interest thereon from date of rendition of the judgment until paid at the rate of 6%. We find from the record, and it is undisputed that the materials furnished prior to January 1, 1965 had a value of $300.00. This amount would not be covered under Article 5160, Vernon's Ann., Tex.Rev.Civ.Stat., so as to make the surety company liable on the contractor's bond. That part of the judgment against National Surety Corporation which included $300.00 of the subject material furnished prior to January 1, 1965 is hereby reformed so as to reduce the liability of National Surety Corporation by the sum of $300.00. In all other respects the judgment is affirmed.

■ Appellee Walker by a cross-point contends that it is entitled to attorney fees against National Surety Corporation on Graham's payment bond. There was no contract between the parties that would permit such a recovery against the Surety Company. The Supreme Court of Texas has held that a subcontractor who brings suit against the general contractor and his surety on the contractor's payment bond for material and labor furnished, is not entitled to recover attorney fees under the McGregor Act, (article 5160) absent a statute permitting same, or a contract between the parties. Appellee's counterpoint is overruled. New Amsterdam Casualty Co. v. Texas Industries, Inc., 414 S.W.2d 914 (Tex.Sup. 1967).

The judgment against Gillis Graham, doing business as Graham Construction Company is affirmed. The judgment against National Surety Corporation is reformed and as reformed is affirmed.

Affirmed in part, reformed and affirmed in part.

## OPINION ON MOTION FOR REHEARING

Appellants as a part of their motion for rehearing request this Court to make a finding of fact and a conclusion of law on whether or not time was of the essence of the contract between the parties. Such request is without merit in view of the findings of the trial court and those already expressed by this Court in its opinion. The trial court found that the appellant suffered no damages occasioned by the delay. It was undisputed the City did not charge appellant with any damage, but paid the appellant the full contract price. Where there has been a substantial performance of the building contract and where the parties have contracted and dealt with each other as under the facts of this case, such request is not material to the determination of this appeal.

Appellants' motion for rehearing is overruled.