John Thomas **HUNTER**, Appellant,

v.

F. D. **ANDREWS**, Appellee.

No. 5927.

Court of Civil Appeals of Texas, Waco.

Sept. 7, 1978.

Robert A. Sparks, Cleburne, for appellant.

Charles D. Lummus, Bradley & Lummus, Cleburne, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Hunter from judgment against him for $3,300. balance due on contract for a swimming pool. (Plus $581.45 which defendant does not dispute).

Plaintiff Andrews sued defendant Hunter alleging plaintiff and defendant contracted in writing for plaintiff to build defendant a swimming pool on defendant's property for $8,000.; that defendant paid $4,300. upon signing the contract; that plaintiff completed the pool but defendant refused to pay $3,700. balance due. (Plaintiff further sued for $581.45 for concrete defendant ordered from plaintiff's supplier in plaintiff's name, to build a patio and garage floor, and which plaintiff paid for and defendant refuses to reimburse).

Trial was to the court without a jury which rendered judgment for plaintiff for $3,300. ($3,700. due less $400. which the trial court deducted to repair minor defects in the job); plus the $581.45 (which defendant does not appeal from).

The trial court filed Findings and Conclusions summarized as follows:

### Findings of Fact

1) Plaintiff Andrews and defendant Hunter contracted for plaintiff to build defendant a swimming pool for a cash price of $8,000.

2) Plaintiff substantially complied with the contract and completed the swimming pool.

3) Defendant failed to pay plaintiff $3,700. owed plaintiff pursuant to the contract.

4) There were certain minor defects in workmanship and material for which the court allowed defendant an offset of $400.

5) Defendant used concrete from plaintiff's supplier to improve his premises for which plaintiff paid the supplier $581.45 and which plaintiff is entitled to.

### Conclusions of Law

1) Plaintiff is entitled to judgment for balance of the contract price of $3,700. less offset of $400. for minor defects in workmanship and material.
2) Plaintiff is entitled to $581.45 for concrete used to improve defendant's premises which was paid for by plaintiff.

Defendant appeals on 9 points.

Points 1 through 4 assert the trial court erred in finding that plaintiff substantially complied with the contract and completed the swimming pool, as there is no evidence and/or insufficient evidence to support such findings.

Points 5 and 6 assert the trial court erred in finding that certain minor defects existed as there is no evidence and/or insufficient evidence to support a finding that the defects were minor.

Points 7 through 9 assert the trial court erred: in failing to recuse himself; in conducting the trial on different dates; and in overruling defendant's motion to consolidate.

■ Plaintiff contracted in writing with defendant to construct a swimming pool on defendant's property for $8,000. ($4,300. on signing of the contract; $2,000. on delivery of the pool kit to the job site; and $1,700. upon connection of the filter). Defendant paid plaintiff $4,300. and construction started. Construction was completed in late July 1976, and plaintiff requested the balance due on the contract. Defendant could not get a loan because a mechanic's lien had not been taken prior to commencing the work. Defendant commenced to use the pool. Defendant then furnished plaintiff a list of asserted defects concerning the pool stating he would not pay the balance owed on the pool. Plaintiff wrote defendant if the balance of the contract price ($3,700.) plus cost of the concrete ($581.45), were placed in escrow he would correct or repair any defects in the pool. Defendant did not to do this and plaintiff filed suit.

There is evidence plaintiff completed construction of the pool in good and workmanlike manner except for minor defects in workmanship and material. There is also evidence that the defects were major and that the pool had no value. There is evidence that defendant refused to pay because of the defects; and there is evidence from which the court could believe he refused to pay because he could not obtain a loan.

The court heard and weighed the evidence; and observed and passed on the credibility of the witnesses. We think the evidence ample to support the court's findings that plaintiff substantially complied with the contract, completed the swimming pool, that defects were minor; and that such findings are not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

■ The law concerning the right of a building contractor to recover for work done and performed under a building contract is stated by our Supreme Court in *Graves v. Allert & Fuess*, 104 Tex. 614, 142 S.W. 869, and is: In the case of Building and Construction Contracts, strict and literal performance is not essential to enable the contractor to recover on the contract; if he has substantially performed, he may recover the contract price less the reasonable cost of remedying the trivial defects and omissions so as to make the structure comply with the contract. To the same effect are *Hennemuth v. Weatherford* (Waco, Tex.Civ. App.) NRE, 278 S.W.2d 271; *Atkinson v. Jackson Bros.*, Tex.Com.App., 270 S.W. 848; *Garland Grain Co. v. Bailey*, (Dallas, Tex. Civ.App.) NRE, 393 S.W.2d 945; *Treiber v. Schaefer*, (San Antonio, Tex.Civ.App.) NWH, 416 S.W.2d 576; *Graham Construction Co. v. Walker Process Equipment, Inc.*, (Corpus Christi, Tex.Civ.App.) NRE, 422 S.W.2d 478; *Godde v. Wood*, (Corpus Christi, Tex.Civ.App.) NRE, 509 S.W.2d 435.

The record reflects trial was held on March 8, 1977 and on October 13, 1977; that on September 1, 1977 defendant filed a suit against plaintiff and the manufacturer of the pool, and on October 11, 1977 filed motion to consolidate the 2 cases; that on October 11, 1977 defendant filed motion to transfer the case to another court alleging that "the court has made statements in the presence of [defendant] that would cause this defendant to believe that this court has already reached a determination in this matter prior to the time a final hearing is had * * *; that the gist of these statements is that [defendant] is attempting to avoid payment of a legitimate debt to [plaintiff] and that defendant is stalling in his just obligation".

The trial court overruled the motions to consolidate and to transfer. Consolidation of causes are in the discretion of the trial court. Rule 174 TRCP. Defendant moved for consolidation with a case filed after this case was half tried. No absence of discretion is shown; and there is no showing the trial court prejudged the case.

All defendant's points are overruled.

AFFIRMED.