**Gene TREIBER, Appellant,**

v.

**Fred SCHAEFER, d/b/a Schaefer Construction Company, Appellee.**

**No. 14582.**

Court of Civil Appeals of Texas.

San Antonio.

May 31, 1967.

P. Otis Hibler, Harry J. Burns, San Antonio, for appellant.

House, Mercer, House & Brock, San Antonio, for appellee.

BARROW, Chief Justice.

Appellee brought this suit to recover for material and labor furnished appellant, the prime contractor on a contract to construct the Kirby Junior-Senior High School. Roland Schmidt intervened and sought recovery from appellee for the gravel furnished Schaefer for use on this job. Appellant asserted that appellee had not performed his work in accordance with the plans and specifications for this construction project and sought recovery on a cross-action for the reasonable cost of removing and redoing the work performed by appellee. Judgment was rendered after a non-jury trial whereby appellee recovered from appellant the sum of $4,720.63 for labor and materials furnished, together with attorney's fee of $750.00, and intervenor recovered from appellee the sum of $2,728.23 for materials furnished appellee, together with attorney's fee of $500.00. Findings of fact and conclusions of law were filed by the trial court.

Treiber has appealed and asserts: 1. There is no evidence that appellee substantially complied with the plans and specifications prepared for the school job; 2. the trial court's finding that appellant's cross-action is without merit is against the great weight and preponderance of the evidence, in that appellee was required to expend an additional $1,037.34 to rework, scatter and roll the base material to comply with plans and specifications; 3. the trial court erred in awarding attorney's fees to appellee in that the contract did not provide for same; and 4. the trial court erred in taxing all the costs, including those relating to intervener's successful claim against appellee, to appellant.

In 1964, Treiber submitted the low bid for construction of the school. Prior thereto Schaefer submitted a written offer to Treiber to do the excavation, furnish and place gravel fill and other like work on this job for the sum of $6,643.00. The plans and specifications were examined by Mr. Jacobs, the estimator for Schaefer, and Schaefer's bid for this subcontract was based upon the material and manner of use called for by these specifications. Treiber's low bid was in excess of the money available for this job, and therefore Treiber and the school's architect and consulting engineer modified the original plans and specifications to lower the price. Insofar as pertinent to this suit, it was agreed to require six inches less of base material and to substitute pit run gravel for crushed rock, as called for in the specifications. Gravel from Schmidt's pit was found to be satisfactory and Treiber was quoted a price of $0.75 a cubic yard. He passed this information along to Mr. Jacobs and, after the latter had checked and verified this price, it was determined that the initial bid of Schaefer could be accordingly reduced $595.00.

No new written bid was submitted by Schaefer, and Treiber did not at any time return the original bid with his acceptance. Instead, a few days after the change in the type of material had been discussed, Treiber called up Schaefer and told him to "go to work." Treiber asserts that he thereby

orally accepted the original bid as reduced and that the subcontract was to be performed by Schaefer for the agreed price of $6,048.00. On the other hand, Schaefer contends that he understood by the failure of Treiber to return his signed bid, the work was to be performed at an hourly rate plus cost of materials. Schaefer testified that he had performed other work for Treiber on this basis. The trial court resolved this dispute favorably to Schaefer by finding that the labor was performed at an agreed hourly rate which totalled the sum of $1,741.88. In addition, it was found that 3676 cubic yards of base material had been furnished at an agreed price of $2,793.75 (3604 yards of this material was purchased from Schmidt at a cost of $2,728.00). The judgment included $184.00 which Treiber admittedly owed Schaefer on other jobs.

The principal controversy on this appeal relates to the trial court's finding that Schaefer substantially complied with his contract to "scatter and roll the base material," and permitting full recovery for the materials furnished and labor performed. A careful examination of the testimony of both Schaefer and the estimator conclusively shows that the gravel was to be applied in accordance with the specifications on the school job. Obviously, some plans and specifications would be necessary to determine how much material was needed and where it would be placed. There was testimony by Schaefer that nothing was said about the plans and specifications in his original bid or in the telephone conversations. On the other hand, both Schaefer and his estimator testified that his bid was based on these plans and specifications, and in fact both insisted that the material had been laid in accordance with said specifications. This is clearly demonstrated by these excerpts from the cross-examination of Mr. Schaefer:

"Q. And you laid that pit run material in accordance with the plans and specifications, yes or no? A. 'Yes.'

"Q. And it is your testimony that you put the pit run gravel—you laid it out there on the job, you installed it, you worked it in in accordance with the plans and specifications? A. 'Yes.'"

Treiber urges that Schaefer failed to comply with the specifications which required that the base material be laid in layers of six inches, each layer to be moistened and rolled with pneumatic roller, until the base was brought up to the subgrade of the concrete slab. This required a fill of about 42 to 48 inches. The consulting engineer on the job for the architect testified that only the top 8 to 10 inches were properly rolled and that no roller was even present on his inspection of the job. Treiber also testified that deficiencies were called to his attention during job progress by the consulting engineer and that he discussed these deficiencies with Jacobs and Schaefer. Although Schaefer testified generally that the specifications were followed and even at one point said the gravel was laid in "six-inch layers," a fair construction of the testimony of both Jacobs and Schaefer is conclusive that the material was laid in two to three inch layers. They stated, however, that the material was wet when laid, properly rolled, and compacted sufficiently. Both denied receiving any complaints from Treiber or anyone else until after the base had been completed and heavy rains fell in the area.

The plans required Treiber to cut ditches in the area for use in construction of the slab foundation upon completion of the base. About ten days after the base was completed by Schaefer, and after the ditches were cut in same, rain of from four to five inches fell and the gravel sloughed off into the ditches. Treiber was required, by the consulting engineer, to remove the base and replace same. Although there were discussions between Schaefer, Jacobs and Treiber relative to the relaying of the base, they did not arrive at any agreement and Treiber relaid same, although he did have use of the gravel furnished by Schaefer.

The trial court found that Schaefer substantially complied with his contract to scatter and roll the base material on the construction site. It is seen, however, on examination of all the findings and judgment based thereon, that this finding is based upon an erroneous rule for determination of compensation where the contract is not performed in accordance with plans and specifications. There is no finding of fact relative to the difference between the value of the base laid in the manner done by Schaefer and that set forth in the specifications. Nor can it be said that Treiber established as a matter of law that the sum of $1,037.34 was required to be expended by him because of the difference between Schaefer's performance and that required by the specifications. Furthermore, there is no finding regarding the contention of Schaefer that the failure of the base was due to the excessive and untimely rainfall. Apparently the trial court was of the opinion that Schaefer was entitled to recover the full contract price where he had substantially performed his contract.

■ The correct rule for determining compensation or damages in the case of substantial performance of a building contract is that the contractor is entitled to recover the contract price, less the reasonable cost of remedying the defects or omissions in such a way as to make the building conform to the contract. Atkinson v. Jackson Bros., 270 S.W. 848, 38 A.L.R. 1377 (Tex.Comm'n App.1925); Garland Grain Co. v. Bailey, Tex.Civ.App., 393 S.W.2d 945, writ ref'd n. r. e.; Cooper Concrete Co. v. Hendricks, Tex.Civ.App., 386 S.W.2d 221, no writ; Holt v. Purviance, Tex.Civ. App., 347 S.W.2d 321, writ ref'd n. r. e.; Hennemuth v. Weatherford, Tex.Civ.App., 278 S.W.2d 271, writ ref'd n. r. e.; 10 Tex. Jur.2d Building Contracts §§ 21, 39 (1959).

■ The findings in our case are very similar to those in Atkinson v. Jackson Bros., supra, where the trial court erroneously permitted a full recovery based on a finding of substantial performance. The Commission of Appeals determined the contractor was not entitled to recover the full contract price without deductions, since there was only a substantial performance. To allow full recovery without deductions for defects would be to award compensation for something he had not done. It was further held that the burden was on the contractor to furnish the evidence to properly measure the deductions allowable necessary to remedy the defects and omissions. Since the trial court had tried the case upon a wrong theory as to the rights of the parties in that situation, the case was reversed and remanded.

We conclude this is the proper judgment to be rendered in our case on the claim of Schaefer for material and labor furnished on the Kirby School job. Treiber did not dispute the claim of Schaefer for $184.00 owed him on two prior jobs and therefore that part of the judgment may be affirmed.

No appeal was perfected by Schaefer as to the judgment entered against him on the claim of intervener, Roland Schmidt, to recover for the pit-run gravel furnished Schaefer for use in performance of his contract. This claim has no relationship to the claim of Schaefer against Treiber and this part of the judgment may be affirmed.

The judgment of the trial court is affirmed in part, so as to permit Schmidt to recover on his claim against Schaefer and so as to permit Schaefer to recover from Treiber the sum of $184.00; the judgment rendered in favor of Schaefer on his claim for labor and materials used on the Kirby Junior-Senior High School job is hereby severed, and reversed and remanded for a new trial. The costs of this appeal are taxed one-third to Treiber and two-thirds to Schaefer.