**MASSACHUSETTS MUTUAL LIFE IN-
SURANCE COMPANY, Appellant,**

v.

**Hazel Pankey STEVES, Appellee.**

No. 17253.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 22, 1971.

Cantey, Hanger, Gooch, Cravens &
Munn, and Ira Butler, Jr., Fort Worth, for
appellant.

Sterling W. Steves, and Robert R. Bo-
doin, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit is by beneficiary of the life insur-
ance afforded under a policy issued by
Massachusetts Mutual Life Insurance
Company insuring Chester C. Steves, de-
ceased.

Following a trial before a jury judgment
was rendered for plaintiff beneficiary Ha-
zel Pankey Steves.

Initially it would appear that the
judgment was rendered upon the verdict of
the jury. Examination discloses that that
would not be the case for no answer of the
jury supported the judgment. This we will
explain later. Necessarily, it could have
only been upon the theory that there had
never been a "termination" of the insur-

ance contract and that therefore the admitted policy of insurance was in force and effect at the time of Chester Steves' death that the judgment might be said to have support. Evidently such fact must have been found by the court so as to sustain the judgment on the theory that authority to do so was existent as necessarily referable to issues which were submitted and answered by the jury to the effect that, contractually, there had been an agreement between Steves and his employer that the employer-employee relation theretofore existent would persist despite Steves' disability and/or failure to perform duties of employment (the continuity of insurance protection being dependent and controlled thereby) until such time as notice to the contrary was given Steves. Texas Rules of Civil Procedure 279, "Submission of Issues".

Under the facts of the case such omitted issue, if it had been by the jury found for the plaintiff, would constitute a complete ground of recovery of insurance benefits. There was failure on the part of the plaintiff to request that the issue be independently submitted to the jury as a part of the charge. Under such circumstances it would be proper to say that she "waived" it as a ground of recovery if it comprised a ground upon which a jury verdict would be necessary to its validation. Certainly would that statement be true if the verdict had been against the plaintiff. But the judgment was rendered for her. Therefore the rule is somewhat altered. In such an event the prevailing party may be said to have "waived" right to have the issue submitted to the jury to the extent that the opposite party, likewise complaining of the failure to submit it, appeals on the theory that the omitted issue could not be deemed by the trial court to have been found in such manner as to support the judgment. But such "waiver" by the party obtaining judgment in no way affects the duty of the appellate court to remand the cause for trial if in its opinion there should be a remand in order that justice may be done.

Colbert v. Dallas Joint Stock Land Bank of Dallas, 129 Tex. 235, 102 S.W.2d 1031, 1036 (1937).

■ Under T.R.C.P. 434, "If Judgment Reversed", the rules ordinarily applicable could not properly be used to prevent entitlement to remand where there has been an improper submission of issues and the court has been compelled by reason thereof to reverse the judgment. When such a situation is presented the question as to whether the court will remand the case for another trial or render judgment against the plaintiff should be determined solely from the viewpoint as to which action will subserve better the ends of justice. Waldo v. Galveston H. & S. A. Ry. Co., 50 S.W. 2d 274, 277 (Tex.Com.App., 1932).

We fail to perceive analogy in the instant situation and that in Owen v. Brown, 447 S.W.2d 883, 886 (Tex.Sup., 1969), where the remand directed by the Court of Civil Appeals was disapproved because under the circumstances of that case the Supreme Court considered that the plaintiff had already had his full and fair chance to obtain a jury verdict and that to grant him another would merely afford him opportunity for another " 'bite at the apple' ".

Although we have hereinabove inferred our reason for reversal and explained why there should be a remand so that plaintiff might have her case passed on by the jury we here exhibit the reversible error presented.

By Special Issue No. 5 the following question was asked the jury: "Do you find from a preponderance of the evidence that Chester C. Steves had been terminated within thirty-one days prior to his death?" By answer returned the jury found in the negative, or "No".

There was a "grace period" in the policy of insurance whereby for thirty-one days after termination of eligibility for the group life insurance afforded by the policy there was added an obligatory provision affording benefits in the event of death within the period.

It is difficult to determine the question asked by the special issue. It does seem that the burden was cast upon the plaintiff by its wording, but as noted by its language it does not present a question the answer to which would establish liability of the insurance on the theory that Chester Steves' death occurred during the "grace period" or at any other time while the policy was in effect. Whether the question be answered "yes" or answered "no" would not settle the question of whether Steves had ever been given notice by his employer that it had elected to terminate the pre-existent employer-employee relation previously existent. (As previously noticed the continuity of insurance before any "grace period" ever began to run would be dependent thereupon.) Furthermore, the jury answered the special issue in the negative. The insurance company objected to the submission of the issue on the ground that an answer thereto would resolve no ultimate issue, and furthermore, presented specially requested issues (though it was under no duty to do so) by answer to which the ultimate issues would have been resolved. Answers thereto would have established existence or non-existence of liability to pay policy benefits. We believe that the special issue was without value; further, that if it had value the answer returned was of no benefit to plaintiff; and finally, that in any event appropriate and sustainable objection to its submission was made.

In two other respects we make mention of what we consider to be error. One of these was the definition of the term "terminated". As applied to the termination of insurance the definition given by the court placed a greater burden upon the insurance company than was proper. The error is not likely to reoccur since upon another trial the insurance company will be the only party defendant and there will not be the complication of the first trial existent because of the presence of Mr. Steves' employer as an additional defendant. The other was the manner by which prior oral

statements made by a Mr. Rush was accepted as evidence. As presented it constituted inadmissible hearsay testimony without any proper predicate laid whereby it was shown to come within any exception to the rule forbidding reception. See generally 24 Tex.Jur.2d, p. 90, et seq., "Evidence", under C. "Exceptions to (hearsay) Rule", Secs. 547, et seq.

Judgment is reversed and the cause remanded.