**MARBLE FALLS HOUSING AUTHORITY, Appellant,**

v.

**L. P. McKINLEY, dba L. P. McKinley Plumbing, Appellee.**

**No. 11862.**

Court of Civil Appeals of Texas, Austin.

Dec. 1, 1971.

Rehearing Denied Dec. 22, 1971.

Pearce & Smith, Stayton, Maloney, Black, Hearne & Babb, Thomas Black, Austin, for appellant.

Edward W. Napier, Lubbock, for appellee.

SHANNON, Justice.

Appellant, Housing Authority of the City of Marble Falls, has appealed from a judgment of the District Court of Burnet County in favor of appellee, L. P. McKinley, dba L. P. McKinley Plumbing, for $4,490.95. "Apparent authority" was submitted to the jury, and it is the existence of or sufficiency of the evidence to support the jury's answers to special issues which is at issue here.

In December, 1967, appellant entered into a contract with Bob R. Hunter Construction, Inc. to build a low-rent housing project at Marble Falls. Appellee was a plumbing subcontractor of Hunter. Construction on the job progressed normally until October or November, 1968, when Hunter began to have trouble paying the subcontractors. Appellee testified about a conversation with Bob R. Hunter which occurred in the first part of December when Hunter told him in a chance meeting near Temple that his company was not returning to the job. H. E. Stromquist testified that Hunter's superintendent was on the job during December and later. Hunter was formally declared in default in April, 1969.

In either November or December, 1968, appellee met with Frank Guedry, Hunter's superintendent, and perhaps later, the bonding company's representative on the job, and Bill Fuller. Fuller was the inspector for the firm of architects who had drawn up the job. Appellant's representative, H. E. Stromquist, who came to the job about once a week, was not present at this meeting. Appellee testified that Fuller told him at that meeting and on other occasions to complete his work on the job and that when he did, appellant would pay him in full. After Hunter was declared in default in April, 1969, new contracts were let and appellee was the successful bidder for the completion of the plumbing work for a sum which he was paid.

In appellant's contract with its architects, Section 4.1.3 provided that the appellant would pay the architects for the service of "arranging for the work to proceed should any contractor on the project default."

Appellee pleaded that appellant through its "duly authorized" agents demanded and requested appellee to continue his part of the job and represented that appellant would pay appellee in full for all work done and materials furnished by him. Appellee did not plead apparent authority, but the court, without objection, submitted it to the jury.

The jury found that Fuller told appellee that appellant would pay him in full if he would complete the work included in the contract, that Fuller had the apparent authority to make that statement on appellant's behalf, that appellee agreed to continue the work on the housing project in reliance upon Fuller's statement, and that appellee did continue the work on the housing project in reliance upon Fuller's statement.

Appellant's two points are that the jury's finding that Fuller had apparent authority on behalf of appellant to bind appellant to pay appellee was supported by no evidence, or in the alternative, by insufficient evidence.

■ Proof of apparent authority or "agency by estoppel" as it is sometimes called, is shown by the attitude, conduct and knowledge of the principal, not the agent. Trahan v. Southland Life Insurance Company, 155 Tex. 548, 289 S.W.2d 753 (1956), Williston, Contracts (3d Ed.), § 277A, 2 C.J.S. Agency § 96e(2), p. 1214, 3 American Jurisprudence 2d, Agency § 74.

■ Viewing the evidence in the most favorable light in support of the finding, and considering only the evidence and inferences which are supporting, and rejecting the evidence and the inferences which are contrary, we hold that there is no evidence of any act or conduct of appellant or its employees to support the finding that Fuller had apparent authority to bind appellant. Fuller was the architect's employee, not appellant's. Fuller's duties on the job were consistent with his job as architect-inspector and gave appellee no basis to believe that Fuller had authority to bind appellant. Appellee produced no proof that appellant knew of Fuller's statement to appellee, or that appellee had ever checked with appellant or its representatives to confirm Fuller's statement. There was no proof that appellee knew of Sec. 4.-1.3 in the contract between appellant and the architects, and that he believed Fuller was acting in accordance with that provision, when he told appellee that appellant would pay for the continuation of the work.

■ Appellee did not request issues submitting his theory of actual authority, thereby waiving that ground of recovery. Denton Publishing Company v. Boyd, 460 S.W.2d 881 (Tex.1970), Rule 279, Texas Rules of Civil Procedure; McDonald, Texas Civil Practice, Vol. 3, § 12.36.2 (Revised

Volume, 1970). Appellee now argues that as a matter of law Fuller was acting as appellant's agent pursuant to Section 4.1.3, and that, as such, it was not necessary to submit any issue. This is not so, since Section 4.1.3 by its terms is operative only in case of default, and the time of default was a disputed fact issue which appellee had the burden to prove.

◼ Under Rule 434 of the Texas Rules of Civil Procedure when a Court of Civil Appeals sustains a "no evidence" point, it is usually that court's duty to render judgment for the appellant because that is the judgment the trial court should have rendered. National Life and Accident Insurance Co. v. Blagg, 438 S.W.2d 905 (Tex. 1969). Rule 434 also provides that the cause shall be remanded for a new trial " . . . when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain . . ." This phrase has been interpreted to grant to the Courts of Civil Appeals the same discretion the Supreme Court has under Rule 505 of the Texas Rules of Civil Procedure to remand if " . . . the justice of the case demands another trial . . ." National Life and Accident Insurance Co. v. Blagg, supra.

◼ The interests of justice would not be served by a remand of this case. Appellee pleaded and produced some proof of actual authority. It was appellee's duty to request an appropriate submission of actual authority. By failing to make the request he waived that ground of recovery. A remand under these circumstances would merely afford appellee another "bite at the apple." Owen v. Brown, 447 S.W.2d 883 (Tex.1969).

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.

Reversed and rendered.