**DEL MONTE CORPORATION, d/b/a Del Monte Foods, Inc., Appellant,**

v.

**Wallace W. MARTIN, Appellee.**

**No. 15961.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 8, 1978.

R. S. Crawford, Crawford, Crawford & Hughes, Uvalde, for appellant.

Petry & Petry, Carrizo Springs, for appellee.

CADENA, Chief Justice.

Defendant, Del Monte Corporation, d/b/a Del Monte Foods, Inc., appeals from a judgment based on a jury verdict awarding plaintiff, Wallace W. Martin, $11,130.00 actual damages plus $3,993.99 interest, as well as punitive damages of $20,000 for breach of contract.

Defendant, a canner of fruits and vegetables, and plaintiff, a farmer, entered into a written contract in September, 1970, which provided that plaintiff was to plant, cultivate, irrigate and harvest 50 acres of hybrid spinach. Defendant agreed to pay plaintiff $40.50 for each ton of "fancy grade" spinach. Plaintiff planted about 54 acres of spinach, but on February 24, 1971, defendant rejected the crop.

The jury found that (1) plaintiff substantially complied with the terms of the contract; (2) defendant breached the contract by refusing to accept defendant's spinach crop; (3) 300 tons of spinach could have been harvested from plaintiff's land between February 10, 1971, and February 24, 1971; (4) defendant acted "willfully, maliciously or capriciously" in refusing to accept plaintiff's crop; and (5) plaintiff should recover $20,000 as punitive damages.

Defendant's first seven points complain of the failure of the trial court to submit defendant's seven requested special issues. The requested issues asked the jury to determine the following: (1) whether plaintiff's crop was free from aphid infestation; (2) whether plaintiff's crop was free from worm infestation; (3) whether plaintiff's crop was free of frost damage; (4) whether plaintiff's crop was free from spray residue; (5) whether plaintiff properly irrigated the spinach crop; (6) whether plaintiff's crop, due to aphid infestation, worm infestation, frost damage, spray residue, or lack of proper irrigation, "or a combination of one or more thereof," was usable by defendant on February 24, 1971, for canning as "fancy grade" spinach (this issue was to be answered only if one or more of the first five requested issues was answered in the negative, and it defined "fancy grade" spinach as "spinach of dark green color, having a firm texture, a crisp-like flavor, with a leaf/stem ratio of less than 15% stems, free of insects, free of insect damage, mildew, rot, and any foreign mat-

ter, free of chemical residue, and having an aphid count of less than thirty-five (35) aphids per one hundred grams of processed spinach."); (7) whether plaintiff's crop, for the reasons listed in requested issue 6, was usable for canning as "fancy grade" spinach (this issue was to be answered only if one or more of the first five requested issues were answered in the negative, and it contained the same definition of "fancy grade" spinach as that which accompanied requested issue 6). These requested issues, in effect, amounted to specific inquiries as to whether plaintiff had met his obligations under the contract. The question of plaintiff's compliance was broadly submitted by Special Issue 1 of the court's charge, and there was no need to submit seven additional inquiries concerning the same basic question. Where the controlling issue has been fairly submitted, the failure to submit other and various shades of the same issue is not error. Tex.R.Civ.P. 279 (1977); 3 R. McDonald, Texas Civil Practice § 12.06.1 at 282 (rev. 1970).

■ Point 8 assigns as error the submission of Special Issue 1 over defendant's objection. This issue inquired whether plaintiff "substantially complied" with the terms of the contract and was followed by a definition of substantial compliance. Defendant objected to such issue on the grounds that (1) plaintiff's pleadings did not rely on the doctrine of substantial compliance; (2) the contract specifically required plaintiff to furnish fancy grade spinach, and "there is a multitude of evidence" that plaintiff did not comply with such requirement; and (3) the issue did not contain a definition of "fancy grade spinach." Objections (2) and (3) were not brought forward in defendant's brief. Substantial compliance with the requirements of a contract is the legal equivalent of full compliance. *Telles v. Vasconcelos*, 417 S.W.2d 491, 494 (Tex.Civ.App.—El Paso 1967, writ ref'd n. r. e.). Therefore, a pleading of full performance will support the submission of an issue on substantial performance. While the contract required plaintiff to grow "fancy grade" spinach, the evidence established that it would be impossible to grow

spinach that would meet the requirements embodied in the contractual definition of "fancy grade." In *Crawford-Strauss Properties, Inc. v. Doolittle*, 540 S.W.2d 334, 338 (Tex.Civ.App.—San Antonio 1976, writ ref'd n. r. e.), this Court, while questioning the precedential value of *Cotherman v. Oriental Oil Co.*, 272 S.W. 616 (Tex.Civ.App.—Amarillo 1925, no writ), referred to the inequity of requiring complete adherence to the letter of the contract and the excuse for deviation from the literal requirements of the contract.

■ In its brief defendant asserts that Issue No. 1 calls on the jury to construe the contract, amounts to a global submission, and is too general, duplicitous and multifarious. These objections were not made in the trial court and cannot be considered here. Defendant also contends that the trial court erred in failing to disregard the jury's answer to Special Issues 1 and 2 because the evidence was insufficient to establish that plaintiff substantially complied with the contract and that defendant breached it. Defendant's contention cannot be sustained. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966); Tex.R.Civ.P. 301 (1977).

■ Defendant's remaining points complain of the award of exemplary damages. We have carefully reviewed the evidence and agree that there is no evidence to support the finding that defendant or its agents and employees acted willfully, maliciously or capriciously in rejecting plaintiff's crop.

The judgment of the trial court is modified to delete the award of $20,000 as punitive damages to plaintiff. As so modified, the judgment of the trial court is affirmed.

Each party shall pay one-half of the costs of this appeal.