Don WILLIAMS D/B/A Big Country Tree Company, Appellant,

v.

Larry MEYER, Appellee.

No. 6340.

Court of Appeals of Texas, Waco.

Feb. 25, 1982.
Rehearing Denied March 25, 1982.

Vic Feazell, Hall, Kettler & Feazell, Waco, for appellant.

Jim Meyer, Dunnam, Dunnam, Horner & Meyer, Waco, for appellee.

## OPINION

This is a suit on an oral contract. Plaintiff-Appellant Don Williams, doing business as Big Country Tree Company, brought this suit against Defendant-Appellee Larry Meyer to recover for services rendered pursuant to an alleged oral contract with Meyer whereby Williams agreed to perform landscape work on lakeside property owned by Meyer.

Trial was to a jury which found:

1. Contractor Williams substantially completed his obligations agreed upon in the oral contract with owner Meyer.

2. The reasonable value of the services performed for Meyer by Williams was $2800.00.

3. Reasonable attorney's fees incurred by Williams was $750.00.

4. The jury failed to find that the parties agreed that the $2,000.00 payment by Meyer to Williams would be in full payment for all work performed.

After verdict, Defendant-Appellee Meyer filed a motion to disregard the jury's answers to Special Issues Numbers 1, 2, and 3 as shown above, upon the ground that such issues were immaterial.

The trial court entered judgment that Plaintiff Williams take nothing against Defendant Meyer, reciting therein that Defendant's Motion to Disregard the jury's answers to Special Issues Numbers 1, 2, and 3 was sustained, and in addition thereto reciting that the court was entering judgment notwithstanding the verdict.

From this judgment Plaintiff Williams appeals upon the three points of error, to wit:

(1) and (2) The court erred in disregarding the jury's answers to Special Issues 1 and 3 for the stated reason that such findings have support in the evidence and are not immaterial issues, and

(3) the court erred in rendering judgment notwithstanding the verdict because a directed verdict would not have been proper. We sustain Appellant's points and reverse and remand the cause to the trial court for retrial, for the reasons hereinafter stated.

In April of 1980, Contractor Williams, Plaintiff-Appellant, and Owner Meyer, Defendant-Appellee, entered into an oral contract by which Williams agreed to do certain landscaping work and brush-clearing services at Meyer's residence for an agreed contract price of $2800.00. It was undisputed that the work was to include clearing out the underbrush, taking out scrub trees, side-stripping the larger trees, painting the parts of trees where there were cuts (where limbs had been removed), removing stumps, rocks, and scrap building material, removing certain specified trees, and clearing a path to the lake. The crux of the dispute between the parties was whether or not,

under the terms of the contract, Williams also agreed to provide Meyer with a panoramic view of the lake by cutting the tops out of the trees which were situated between Meyer's house and the lake. Meyer contended and testified that this was part of the contract, whereas Williams contended and testified that the $2800.00 contract price did not include this topping of trees to provide a lake view. Williams testified that Meyer did not mention the desire for a panoramic lake view until well after the contract price of $2800.00 had been agreed upon and after the work agreed upon was well under way. This testimony last mentioned was disputed by the testimony of Meyer and his (Meyer's) then wife.

In other words, Meyer's argument is that Williams had not completed performance of the contract because of William's failure to provide the lake view, in support of which contention Meyer's expert witness testified that it would cost between $1,200.00 and $1,300.00 to give Meyer a "nice lake view."

■ As seen above, this case was submitted to the jury upon the theory of substantial performance. The jury in answer to Special Issue No. 1 found that Contractor Williams substantially performed the contract. It is well-settled in Texas that where a contractor seeks recovery under the equitable doctrine of substantial performance, the burden is upon such contractor to furnish evidence to properly measure the deductions allowable and necessary to remedy the defects and omissions. Stated differently, the amount recoverable by the contractor is the contract price less the reasonable cost of remedying the defects or omissions in such way as to make the contractor's performance conform to the contract. This deduction measures the damages allowed the owner for failure on the part of the contractor to fully comply with the contract. *Atkinson v. Jackson Bros.* (Comm.App.1925) 270 S.W. 848, judgment approved; *BPR Construction & Engineering, Inc. v. Rivers* (Dallas CA 1980) 608 S.W.2d 248, NRE; *Treiber v. Schaefer* (San Antonio CA 1967) 416 S.W.2d 576, no writ.

Applying the above rule to the case at bar, Contractor Williams had the burden of requesting, and the trial court should have submitted to the jury, special issues concerning (1) whether or not Williams had substantially performed, and if so then (2) the cost of remedying any defects or omissions necessary to complete performance of the contract. As hereinabove seen, the trial court submitted the first of these issues, that of substantial performance, in answer to which the jury found that Contractor Williams did substantially perform; however, the second issue (that of cost of completion) was not submitted by the trial court to the jury.

■ Before the charge was submitted to the jury, Defendant-Appellee Meyer objected to the trial court's failure to submit an issue regarding the cost of completion, whereupon the court replied: "I'll let you know at 1:15." (page 229, statement of facts). However, there is no showing anywhere in the record that the trial court ever acted upon Defendant-Appellee's objection. That being so, Defendant-Appellee's objection to the court's charge was waived. Rule 272, Texas Rules of Civil Procedure; *Reliance Insurance Co. v. Dahlstrom* (Eastland CA 1978) 568 S.W.2d 733; NRE; *Texas Employers' Ins. Assn. v. Clapper* (Houston 1st CA 1980) 605 S.W.2d 938, no writ.

■ Moreover, the trial court sustained Defendant-Appellee's motion to disregard, and thereby disregarded the jury's answers to Special Issues Numbers 1, 2, and 3, and entered judgment for Defendant-Appellee notwithstanding the verdict. This was error. A jury's answer to a special issue may be disregarded only when it has no support in the evidence or when the issue is immaterial. Rule 301, Texas Rules of Civil Procedure; *C. & R. Transport, Inc. v. Campbell* (Tex.1966) 406 S.W.2d 191, 194; also see *Del Monte Corp. v. Martin* (San Antonio CA 1978) 574 S.W.2d 597, no writ.

■ In the case at bar, the jury's answers to the Special Issues in question were supported by ample evidence, and such issues were definitely *not* immaterial.

Rule 301 further provides that "upon motion and reasonable notice the court may render judgment non obstante veredicto if a directed verdict would have been proper, . . . ."

 Here the trial court rendered judgment notwithstanding the verdict upon the court's own motion, without any motion therefor having been made by any party. A directed verdict in this case would not have been proper, because there was pleading and evidence to support each element of the case. To sustain the action of the trial court in granting judgment non obstante veredicto, it must be determined that there is no evidence having probative force upon which the jury could have made the findings relied upon. *Burt v. Lochausen* (Tex. 1952) 151 Tex. 289, 249 S.W.2d 194; 199; also see *Wilson v. Remmel Cattle Co.* (Amarillo CA 1976) 542 S.W.2d 938, NRE.

Taking into account the state of the record as hereinabove pointed out, and having found error in the trial court's judgment, we reverse and remand the cause to the trial court for retrial in the interests of justice. *Morrow v. Shotwell* (Tex.1972) 477 S.W.2d 538; *Scott v. Liebman* (Tex.1966) 404 S.W.2d 288; *Buchanan v. Jean* (1943) 141 Tex. 401, 172 S.W.2d 688.

REVERSED AND REMANDED.