**ZION MISSIONARY BAPTIST CHURCH, Appellant,**

v.

**Bobby PEARSON, Individually and d/b/a P & M Air Conditioning and Heating, Appellee.**

**No. 05–84–00082–CV.**

Court of Appeals of Texas, Dallas.

June 10, 1985.

Rehearing Denied July 17, 1985.

John Fox Holt and Jordan O.S. Holt, Holt & Hirsch, Dallas, for appellant.

Nathan Allen, Jr. and Laura L. Worsham, Moseley, Jones, Allen & Fuquay, Dallas, for appellee.

Before CARVER, ALLEN and HOWELL, JJ.

HOWELL, Justice.

Appellee, Bobby G. Pearson, individually and doing business as P & M Air Conditioning and Heating ("Contractor"), sued Zion Missionary Baptist Church ("Owner") and Oak Cliff Bank and Trust[1] to recover the unpaid balance upon a written contract for the installation of air conditioning in Owner's building. In response to a single issue submission,[2] the jury found that Contractor

---

1. Oak Cliff Bank and Trust was nonsuited during trial.

2. More precisely, the basic dispute was submitted in a single issue and a second issue inquired as to attorney's fees.

"did substantially perform." Based thereon, the trial court entered judgment awarding Contractor his full remaining balance as pleaded,[3] of $10,125. Owner's first and second points (out of eight) are dispositive; therefore, we reverse and remand.

In November of 1978, Owner entered into an agreement for installation of an air conditioning system. Thereafter, Contractor furnished materials and labor, and testified that except for some "minor few things," he completed the contract. Owner, however, withheld the final payment to Contractor, contending that the system did not work properly. Contractor filed suit and Owner counterclaimed for deceptive trade practices and breach of warranty. The following issue was answered in Contractor's favor:

> 1. Do you find ... that the Plaintiff Pearson substantially performed the air conditioning contract in a good and workmanlike manner?

Owner tendered special issues as to the cost of remedying defects and omissions, but the trial court refused to submit them. It further overruled Owner's objections to the charge, motion to correct the judgment, and motion for new trial.

The jury finding here is similar to the finding in the leading case of *Atkinson v. Jackson Brothers,* 270 S.W. 848, 850–851 (Tex.Comm'n App. 1925, holding approved), where it was held that the trial court erred in permitting recovery of the full contract price in a case where the jury did not find *full performance* by the contractor, but instead, only found *substantial performance.* According to *Atkinson,* the contractor's measure of damages in cases where there is a finding of *substantial performance,* as opposed to *full performance,* is the contract price less the reasonable cost of remedying the defects and omissions so as to conform the performance to the contract. *Atkinson* further held that it is the contractor's burden to provide evidence

from which the trier of fact can properly measure the deductions necessary to remedy defects and omissions. 270 S.W.2d at 851; *see also, Williams v. Meyer,* 629 S.W.2d 257, 259 (Tex.App.—Waco 1982, writ dism'd); *BPR Construction & Engineering, Inc. v. Rivers,* 608 S.W.2d 248, 250 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.); *Treiber v. Schaefer,* 416 S.W.2d 576, 579 (Tex.Civ.App.—San Antonio 1967, no writ).

 Although Contractor relied upon the theory of full performance in his pleadings and testimony, he did not object to submission of the case solely upon the theory of substantial performance.[4] Applying the *Atkinson* rule, Contractor placed himself in the position of having to present evidence and obtain jury findings on (1) whether he substantially performed and, if so, (2) the cost of remedying defects or omissions necessary to reach complete performance. *See also, Williams,* 629 S.W.2d at 259. Contractor's judgment must fail because there is no jury finding on the second part of the substantial performance theory of recovery.

 Omission of the second part of the test was not harmless. There was conflicting evidence whether certain defects or omissions existed, to whom they were attributable, and their cost of repair. *See Treiber,* 416 S.W.2d at 579; *see also, Turner, Collie & Braden, Inc. v. Brookhollow Inc.,* 642 S.W.2d 160, 165 (Tex.1982). Moreover, the trial court cannot be deemed to have made such a finding in light of Owner's objection to the omission and its tendered issues.

To uphold the judgment, Contractor argues that since a finding of substantial performance entitles Contractor to sue under his contract, Contractor's damages should be measured by the contract price, with Owner entitled to prove deficiencies

---

3. We do not reach Owner's claim that it did not receive credit for all payments made.

4. A pleading of full performance will support the submission of a substantial performance issue. *Del Monte Corp. v. Martin,* 574 S.W.2d 597, 599 (Tex.Civ.App.—San Antonio 1978, no writ).

by way of offset or counterclaim. *See BPR,* 608 S.W.2d at 251 (Robertson, J., concurring). Inasmuch as Owner only offered evidence that tended to show that defects and omissions existed, and offered no evidence as to the cost of remedying those defects, Contractor argues that it was proper for the trial court to award the full contract balance.

Contractor urges us to re-examine *Atkinson,* and argues that it imposes an inequitable burden on a contractor—placing him in a position of being required to negate his own claim of full performance by forcing him to offer evidence on the cost of curing deficiencies, the existence of which he denies, or to risk forfeiture of all compensation due. This contention was squarely rejected in *Vance v. My Apartment Steak House of San Antonio, Inc.,* 677 S.W.2d 480, 482–483 (Tex.1984), wherein the Supreme Court reiterated the *Atkinson* rule:

> By definition, this doctrine [of substantial performance] recognizes that the contractor has not totally fulfilled his bargain under the contract—he is in breach. Nonetheless, he is allowed to sue on the contract, but his recovery is decreased by the cost of remedying those defects for which he is responsible. "To allow full recovery without deductions for defects is to award compensation for something ... not done."

677 S.W.2d at 482 (quoting *Atkinson,* 270 S.W. at 851). A minority of the Court urged the same contentions here presented by Contractor, but the Court nevertheless reaffirmed the proposition that the burden of proving the reasonable cost of remedying defects is on the contractor. *See also, BPR,* 608 S.W.2d at 250 (concurring opinions of Guittard, C.J., and Robertson, J.). The contractor's only alternative is to plead, prove and secure jury findings of full performance.

The doctrine of substantial performance, taken in its present context, has caused recurrent problems. Since 1925, *Atkinson* has been cited almost 50 times. Many of those cases were suits brought by contractors to recover the unpaid balance under an express agreement for performing improvements to real property. Findings of substantial performance, rather than complete performance, were returned, but the contractor failed to present evidence and/or request findings as to the cost of remedying deficiencies. Citing *Atkinson,* the courts have reiterated that, in such instances, judgment may not go for the contractor.

■ We think a principal reason for the recurrence of the problem is a continuing failure of the bench and bar to fully apprehend the established definition of "substantial performance" as applied to the situation in hand. It does not mean "complete for all practical purposes." It does not refer to a situation where the contractor's performance is fully complete and fully satisfactory; saving such trifling and insignificant aspects as to which no reasonable owner similarly situated would have ground to object. It is not a *de minimus* test.

If a contractor were to testify that the work was 90% completed when he was excluded from the job, the jury would have a basis to find substantial performance. However, it would be manifestly unfair to award 100% of the agreed amount because the unearned 10% of a construction contract would most often be a respectable sum of money.

Another problem is that, in cases similar to the one in bar, the owner usually pleads defects and omissions by way of counterclaim or offset. Under such circumstance, it would be natural for the participants to fall into the easy assumption that each party must prove what he pleads—the contractor that he did substantially perform, and the owner, the defects and omissions claimed, together with the cost of remedying the same. However, the *Atkinson* rule lays the burden elsewhere, causing the unwary to be repeatedly ensnared.

Arguing *BPR,* Owner urges that the case must be rendered in its favor. However, we believe that the subsequent *Vance* decision requires that we remand for a new trial. In that case, the trial court directed a verdict and the Court of Appeals affirmed. The Supreme Court reaffirmed

the substantial performance doctrine and held that the burden of proving the cost of remedying deficiencies rests on the contractor. However, a remand was ordered on grounds that some evidence of the cost of remedying had been presented. *Vance,* 677 S.W.2d at 483.

■ Presently, the jury found substantial performance and the sufficiency of the evidence to support this finding is unchallenged. Obviously, the jury was supportive of Contractor's case and most likely would have returned findings entitling Contractor to a significant recovery had the issue been properly placed before them. If we were to render judgment for Owner, we would be frustrating the clear intent of the jury that Contractor recover a sum of money from Owner and would be exacting a forfeiture of Contractor's cause of action.

■ *BPR* is perhaps distinguishable in that the trial court effectually rendered judgment notwithstanding the verdict. Finding no error in the judgment below, that court was obligated to affirm. It is well established that where there is no error in the judgment below the appellate court has no power except to affirm. We have found error in the judgment and possess both the power and the obligation to remand when such recourse "will subserve better the ends of justice." *Massachusetts Mutual Life Ins. Co. v. Steves,* 472 S.W.2d 332, 333 (Tex.Civ.App.—Fort Worth 1971, no writ).

In the seminal *Atkinson* case a remand was ordered. In this court's previous opinion of *Maizel v. Bush,* 337 S.W.2d 337 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r. e.), it agreed that the cost of remedying defects and omissions could not be determined from the evidence presented, but the owner's plea for rendition was rejected: "[W]e point out that in the Atkinson appeal judgment was not rendered for appellant, as appellant in this case asks us to do." 337 S.W.2d at 341.

In *Treiber,* 416 S.W.2d at 579, *Atkinson* was again interpreted as authority for remand: "Since the trial court had tried the case upon a wrong theory . . ., the case was reversed and remanded." The observation fully applies to the present case.

Other cases finding remand for new trial preferable to rendition are *Williams v. Meyer,* 629 S.W.2d 257, 260 (Tex.App.— Waco 1982, writ dism'd) (remanded "in the interests of justice") and *Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160, 165 (Tex.1982) (theory of damages placed in evidence not the theory submitted). Our review of the substantial performance cases indicates that in the majority of instances where the contractor has not carried his burden of proving the owner's remedial cost, remand rather than rendition has been ordered and the same remedy will be applied here.[5]

Reversed and remanded.

CARVER, Justice, dissenting.

I agree with the majority on the merits of this appeal, but dissent to the majority's

---

5. The dissent urges that Contractor is not entitled to "another 'bite at the apple.' " The rhetoric employed is admittedly colorful but hardly analytical. The cases relied upon are distinguishable—either the reversing court found it highly unlikely that the plaintiff would recover at a re-trial or the plaintiff was held to have waived independent grounds of recovery by failing to request *any issues whatever* thereon. *See* TEX.R.CIV.P. 279. Neither situation is presently before us.

The dissent urges that Owner is being exposed to the "risk" of a second trial and condemns remand as " 'double jeopardy.' " It is urged that a new trial will "punish Owner" and that Contractor will be "rewarded" for failure to request proper issues. Remand is repeatedly labeled as inequitable. We do not believe that the dissent-

ing view is supported by the particular facts of this case.

Our review of the record reflects that Owner defended upon the claim that Contractor's extensive materials and labor were of no value to Owner, at least not beyond the partial payments admittedly made. A counterclaim against Contractor was filed seeking money damages, but no issues were requested thereon. By all appearances, Owner urged the jury to answer the substantial performance issue in the negative, confident that such answer would entitle Owner to a take nothing judgment.

The jury rejected Owner's contentions. Had Contractor correctly submitted his case, a money judgment approaching the amount of judgment actually rendered below would have been affirmed on appeal. As a "reward" for being

decision to remand this case, since remand rewards the contractor for failing to meet its burden of proof and subjects the owner, who conscientiously followed long-established precedent, to the expense, time and risk of a second trial. This record presents no equitable reason for such "double jeopardy", and without reason of any kind, affords contractor "an opportunity for another 'bite at the apple,'" as forbidden by *Owen v. Brown,* 447 S.W.2d 883, 886 (Tex. 1969). I would reverse the judgment of the trial court and render judgment for Owner.

The majority finds that remand "will subserve better the interests of justice" because "the jury was supportive of Contractor's case." The majority therefore concludes that "to render judgment would be to frustrat[e] the clear intent of the jury that Contractor recover a sum of money from Owner and would be exacting a forfeiture of Contractor's cause of action." In reaching this conclusion, the majority neglects crucial facts which demonstrate that the "interests of justice" would only be served by rendering judgment.

First, there is no basis for remand where trial of a case is "based upon well-established law." *University of Texas System v. Schieffer,* 588 S.W.2d 602, 607 (Tex.Civ. App.—Austin 1979, writ ref'd n.r.e.). The Texas Supreme Court has remanded cases in the interest of justice when the law on which a case had been tried had been changed between the time of trial and appeal. *Jackson v. Ewton,* 411 S.W.2d 715, 718 (Tex.1967). Thus, remand was proper in the *Atkinson* case itself, where the court established a new rule. The *Atkinson* parties were given the opportunity to reformulate their case in obedience to a principle which did not exist at the time of their original trial. The equitable reason for initially granting a remand, however, does not

extend to cases tried under *Atkinson* sixty years later, when the relevant principles have become well-settled law.

Second, it was Contractor who failed to meet his burden of proof and Owner who tried to correct the error. Owner recognized that an issue on the cost of repair, an essential element of contractor's recovery under *Atkinson,* was missing and brought the omission to both Contractor's and the trial court's attention twice by its objection to the charge and by its motion to correct judgment. Owner thus tried to act in accordance with clear and well-settled law. The trial court responded by erroneously overruling Owner's objection and motion. It is clearly inequitable to punish Owner for errors induced by Contractor's own failure to obey Supreme Court precedent.

Third, Owner's objection to the improper submission distinguishes this case from each case cited by the majority as authority for remand. None of the cases cited by the majority reflect that a similar objection was made, *e.g., Williams v. Meyer,* 629 S.W.2d 257, 259 (Tex.App.—Tyler 1982, writ dism'd) (owner waived objection to improper submission), and each case had additional equitable factors supporting remand, *e.g. Turner, Collie & Braden v. Brookhollow, Inc.,* 642 S.W.2d 160 (Tex.1982) (issue *had* been submitted on cost of repair, but incorrect formula was used). Thus, none of the cases cited by the majority are directly controlling in determining "equity" under the present record.

Finally, Contractor's only argument on appeal regarding his failure to properly submit his case is that *Atkinson* places an unfair burden on conractors. This argument was squarely rejected in *Vance v. My Apartment Steakhouse of San Antonio,* 677 S.W.2d 480 (Tex.1984), as noted by the majority. Contractor makes no argument that the case was not fully developed or that the case was tried on the wrong theo-

more perceiving than Contractor, or the trial court, of the issues necessary to support a judgment, and because it made timely objections, Owner will receive "another 'bite at the apple'" which the first jury did not intend Owner to have. As "punish[ment]" for his failure to request the proper issues, Contractor is being

forced to endure the "risk" of another trial. Contractor's cause is being placed in "'double jeopardy.'" Considering that Owner would have fared badly at the hands of the first jury had the case been correctly submitted, we cannnot agree that remand for a new trial is "inequitable."

ry, the traditional instances where remand is permitted. *See National Life and Accident Insurance v. Blagg*, 438 S.W.2d 905, 911 (Tex.1969).

I would hold, therefore, that Contractor should not be rewarded for failure to try his lawsuit correctly at the expense of Owner, who did. I would follow the reasoning of the Supreme Court in *Jackson*, *Blagg* and *Owen*, and of this Court in *Dawson v. Garcia*, 666 S.W.2d 254, 261 (Tex. App.—Dallas 1984, no writ). *Dawson* holds:

> [Appellees] did not join [appellant] in the objection to the combined improper submission. We conclude that justice does not require a remand. [Appellees] had the opportunity through objection to do it right the first time. They declined that opportunity. A remand under these circumstances would merely afford [appellees] an opportunity for another "bite at the apple." *See Owen v. Brown*, 447 S.W.2d 883, 886 (Tex.1969). We conclude, therefore, that judgment for [appellees] on these issues should be reversed and rendered.

Consequently, I would join in the reversal of the judgment of the trial court but would render judgment here for Owner.